UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Petitioner,

v.                                          Case No. 8:18-mc-100-T-36CPT

WILLIAM J. DANIELS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the Court on the *Application of the Securities and Exchange Commission for an Order Under Section 20(c) of the Securities Act of 1933 Enforcing Compliance with a Commission Order* (Application). (Doc. 1). For the reasons discussed below, I respectfully recommend that the Application be granted.

I.

    Petitioner Securities and Exchange Commission (SEC) initiated this action in November 2018, pursuant to section 20(c) of the Securities Act of 1933 (Securities Act), 15 U.S.C. § 77t(c). (Doc. 1). By way of its Application, the SEC seeks to enforce compliance by Respondent William J. Daniels (Daniels) with an SEC Order entered against him (SEC Order). (Doc. 1-2). In that Order, the SEC found, *inter alia*, that Daniels willfully violated sections 5(a) and (c) of the Securities Act, which prohibit the direct or indirect sale or offer for sale of securities unless a registration statement is

filed or in effect. (Doc. 1-2 at 19-20); *see also* 15 U.S.C. § 77e(a), (c). The SEC further ordered that Daniels cease and desist from violations of sections 5(a) and (c), and ordered him to disgorge profits of $16,246.46, plus interest calculated from June 1, 2009. *Id.* at 25-26. Finally, pursuant to the Exchange Act section 15(b), 15 U.S.C. § 78o(b), the SEC imposed a five-year ban on Daniels' involvement in offering penny stocks. *Id.* at 30. Daniels did not petition for review of the SEC Order, and, as a result, it became final on July 14, 2014. (Doc. 1-3). Daniels also did not appeal the final Order. (Doc. 2 at 2).

The SEC asserts that the initial disgorgement amount of $16,246.46, plus interest accrued, remains due and owing by Daniels. (Doc. 2 at 2). It submits that the total amount due, as of March 5, 2019, is $22,867.94 (with per diem interest of $3.13). (Doc. 13-2) (citing 17 C.F.R. § 201.600).

Upon review of the Application and the Declaration of SEC counsel Christy J. White (Doc. 2), the undersigned issued a Show Cause Order directed to Daniels (Doc. 4). The SEC thereafter served the Show Cause Order, along with the Application and accompanying exhibits, upon Daniels on November 28, 2019. (Doc. 5). Pursuant to that Order, Daniels and counsel for the SEC appeared at a Show Cause Hearing on March 5, 2019. (Doc. 12).

At that hearing, Daniels acknowledged the SEC Order against him and presented no written or oral defense to the SEC's Application. Instead, Daniels requested that he be allowed an opportunity to reach an agreement as to a payment schedule for the amounts due.

By way of relief, the SEC now asks the Court to enter a judgment requiring Daniels to disgorge the amounts due plus interest. (Doc. 1 at 5; Doc. 13-2). It also seeks injunctive relief directing that Daniels cease and desist from committing or causing any violations and any future violations of sections 5(a) and 5(c) of the Securities Act, as well as barring him participating in any offering of a penny stock for five (5) years, including (1) acting as a promoter, finder, consultant, agent, or other person who engages in activities with a broker, dealer, or issuer for purposes of the issuance or trading in any penny stock, or (2) inducing or attempting to induce the purchase or sale of any penny stock. *Id.* The SEC further requests that the Court retain jurisdiction to ensure compliance with any Orders entered and for any other and further relief as may be just and proper. *Id.*

II.

The Securities Act and the Exchange Act authorize the SEC to petition district courts to enforce SEC orders. In particular, section 20(c) of the Securities Act provides, "Upon application of the [SEC], the district courts of the United States . . . shall have jurisdiction to issue writs of mandamus commanding any person to comply with the provisions of this subchapter or any order of the [SEC] made in pursuance thereof." 15 U.S.C. § 77t(c). Similarly, section 21(e)(1) of the Exchange Act provides that "[u]pon application of the [SEC] the district courts of the United States . . . shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding . . . any person to comply with the provisions of this chapter, the rules, regulations, and orders thereunder." 15 U.S.C. § 78u(e)(1).

Enforcement proceedings under both the Securities Act and the Exchange Act are summary in nature. *S.E.C. v. McCarthy*, 322 F.3d 650, 654-55 (9th Cir. 2003) (affirming summary proceedings in the district court to enforce SEC orders under section 21(e) of the Exchange Act); *see also S.E.C. v. Gerasimowicz*, 9 F. Supp. 3d 378, 381 (S.D.N.Y. 2014) (granting applications under sections 20(c) and 21(e)); *Pierce v. S.E.C.*, 737 F. Supp. 2d 1068, 1078 (N.D. Cal. 2010) (same). Summary proceedings may be "conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte.*" *McCarthy*, 322 F.3d at 655 (quoting *New Hampshire Fire Ins. Co. v. Scanlon,* 362 U.S. 404, 406 (1960).

Furthermore, in summary proceedings such as this, a respondent may not attack the validity of the underlying SEC order. Indeed, jurisdiction to review final orders of the SEC is vested only in the United States Courts of Appeal. *See* 15 U.S.C. § 77i ("Any person aggrieved by an order of the Commission may obtain a review of such order in the court of appeals of the United States."); 15 U.S.C. § 78y(a).

Here, as noted above, Daniels was duly noticed of these proceedings, appeared at the Show Cause Hearing, and presented no defense to the enforcement of the SEC Order. Accordingly, I find that the Court should enforce compliance with the SEC's Order, which became final on July 14, 2014.

III.

In light of the above, I recommend that the Court grant the SEC's Application (Doc. 1) and enter an order directing:

1. Daniels to comply with the SEC Order by paying the disgorgement amount of $16,246.46, plus pre- and post-judgment interest accrued;

2. The SEC to file, within five (5) days of the Court's Order, a notice which indicates the interest accrued as of that date, and which includes a per diem amount;

3. Daniels to make payment in one of the following ways:

    a. Electronic payment to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request;

    b. Direct payment from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm;

    c. By certified check, bank cashier's check, or United States postal money order, made payable to the Securities and Exchange Commission and hand-delivered or mailed to: Enterprise Services Center, Accounts Receivable Branch, HQ Bldg., Room 181, AMZ-341, 6500 South MacArthur Boulevard, Oklahoma City, OK 73169.  Payments by check or money order must be accompanied by a cover letter identifying Daniels as the Respondent in this action, the name of this Court, and the docket number of this action; a copy of the cover letter and check or money order must be sent to Christy J. White and Shuman Sohrn, Securities and Exchange Commission, 100 F Street, NE, Mail stop 5628, Washington, DC 20549-0022; or

    d. As otherwise agreed upon by Daniels and counsel for the SEC.

4. Daniels to cease and desist from committing or causing any current or future violations of sections 5(a) and 5(c) of the Securities Act;

5. Daniels to be barred from participating in any offering of a penny stock for a period five (5) years running from the date of the SEC's final order (i.e., up to and including July 14, 2019);

6. Daniels to file with the Clerk of Court a written status report every sixty (60) days from the date of the Court's Order until he pays the disgorgement amount, plus all accrued interest, in full.

7. Upon Daniels' full payment of the amounts due, the SEC to provide to Daniels a full satisfaction of judgment and discharge of any judgment liens. Upon such full payment, the SEC shall also file in this action a notice of the satisfaction with the Clerk of Court.

8. The Clerk of Court to administratively close the case.

Respectfully submitted this 18th day of March 2019.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## **NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies furnished to:
Honorable Charlene E. Honeywell, United States District Judge
Counsel of record
Any unrepresented party